Case:12-06003-JSD Doc#:124 Filed:03/12/13 Entered:03/12/13 11:42:11 Page:1 of 6

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By jbergen at 11:41 am, Mar 12, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: DOUGLAS ROBERT GORDY ) <br> ) <br> Debtor ) <br> ) | | Chapter 7 Case <br> Number <u>12-60020</u> |
| DOUGLAS ROBERT GORDY ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> APRIL R. STAFFORD and ) <br> MARTHA I. GORDY ) <br> ) <br> Defendants ) | | Adversary Proceeding <br> Number <u>12-06003</u> |

## OPINION AND ORDER
## <u>DISMISSING DEFENDANT MARTHA I. GORDY</u>

This matter came on for hearing on the first affirmative defense by Defendant Martha I. Gordy of failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[1] For the reasons that follow, the defense is sustained, and Ms. Gordy is dismissed from this action. Leave is granted, however, to amend the Amended Motion for Contempt ("Amended

---

[1] Unless otherwise noted, "Rule" or "Rules" in this Opinion and Order refers to the Federal Rules of Civil Procedure.

AO 72A
(Rev. 8/82)

Complaint") for the limited purpose of pleading factual allegations sufficient to state a plausible claim against her. The second affirmative defense by Ms. Gordy of insufficiency of service of process is overruled, having been resolved at hearing on the Motion to Open Default (ECF No. 80).

**FINDINGS OF FACT**

Plaintiff Douglas Robert Gordy, pro se, filed a chapter 7 bankruptcy case on January 13, 2012. Shortly thereafter, on February 10, 2012, he filed this adversary proceeding, which immediately became mired in procedural missteps and motion practice and thus has been pending with no substantive progress toward resolution for more than a year. The initial pleading, taken as the Complaint, named only Defendant April R. Stafford, an attorney. Ms. Stafford represented Ms. Gordy, who is Mr. Gordy's ex-wife, in the Gordys' divorce.

The Complaint alleged that Ms. Stafford violated the automatic stay of 11 U.S.C. § 362 in connection with a contempt action against Mr. Gordy in state court. (ECF Nos. 1, 7.) The Amended Complaint joined Ms. Gordy as a defendant under the theory that Ms. Stafford was an agent acting on behalf of Ms. Gordy as principal. (Oral Arg. by Douglas Robert Gordy, Dec. 10, 2012.) However, the only factual allegation against Ms. Gordy in

the Amended Complaint is that she attended a post-petition hearing in the state court action. (See Am. Compl. ¶ 11, ECF No. 14.)

## CONCLUSIONS OF LAW

Ms. Gordy, arguing only as to herself, asserts that the Amended Complaint should be dismissed with prejudice on the ground that the Amended Complaint not only is facially defective because it alleges no actionable facts against her but also is incurably defective because the debt sought to be collected through the contempt action is a domestic support obligation to which the automatic stay does not apply.

Ms. Gordy is correct that the Amended Complaint is defective on its face and that her dismissal from this action is therefore warranted. However, leave to amend is granted, because it is not yet clear whether the Amended Complaint is incurably defective.

### I. The Amended Complaint Fails to State a Claim Under R. 12(b)(6).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion or an affirmative defense under Rule 12(b)(6), the complaint "must contain sufficient factual

matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)). The factual allegations need not be detailed, but must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," such that the court can reasonably infer that the defendant is liable for the unlawful conduct alleged. Id.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Courts may not, however, "act as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Porter v. Duval Cnty. Sch. Bd., 406 F. App'x 460, 462 (11th Cir. 2010) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal quotation marks omitted)).

Here, the Amended Complaint fails even under the lenient standard applied to the pleadings of pro se litigants. An actionable stay violation includes three elements: (1) an act in violation of the stay that (2) was willful and (3) caused actual damages. 11 U.S.C. § 362(k)(1); Linsenbach v. Wells Fargo Bank

(In re Linsenbach), 482 B.R. 522, 526 (Bankr. M.D. Pa. 2012). I cannot reasonably infer an actionable stay violation from a single factual allegation that Ms. Gordy attended a state court hearing. The Amended Complaint thus does not include sufficient facts to state a plausible claim against Ms. Gordy.

### II. Dismissal Is Without Prejudice and with Leave to Amend.

Before dismissing a complaint with prejudice because of a pleading defect, a court ordinarily must give the plaintiff one chance to cure the defect by amending the complaint, unless amendment would be futile. Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000). Here, Ms. Gordy argues that amendment would be futile because the debt at issue is a domestic support obligation that is excepted from the stay under 11 U.S.C. § 362(b). Whether amendment is futile, however, will not be clear until an amendment is filed. At that point, Ms. Gordy may renew her Rule 12(b)(6) defense, which will be considered without further hearing.

### ORDER

**IT IS THEREFORE ORDERED** that the second affirmative defense by Martha I. Gordy of insufficiency of service of process under Rule 12(b)(5) is **OVERRULED**; and

5

**FURTHER ORDERED** that the first affirmative defense by Martha I. Gordy of failure to state a claim upon which relief can be granted under Rule 12(b)(6) is **SUSTAINED**; and

**FURTHER ORDERED** that Martha I. Gordy is **DISMISSED** from this action, with leave granted to amend the Amended Complaint no later than 30 days after entry of this Order.

JOHN S. DALIS
United States Bankruptcy Judge

Dated, at Brunswick, Georgia,
this 12 day of March, 2013.