Case:12-06003-JSD Doc#:147 Filed:10/01/13 Entered:10/01/13

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By jbergen at 2:55 pm, Oct 01, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division.

| | | |
|---|---|---|
| IN RE: DOUGLAS ROBERT GORDY ) | | Chapter 7 Case |
| ) | | Number 12-60020 |
| Debtor ) | | |
| ) | | |
| DOUGLAS ROBERT GORDY ) | | |
| ) | | |
| Plaintiff ) | | Adversary Proceeding |
| ) | | Number 12-06003 |
| vs. ) | | |
| ) | | |
| APRIL R. STAFFORD and ) | | |
| MARTHA I. GORDY ) | | |
| ) | | |
| Defendants ) | | |

### OPINION AND ORDER
### DISMISSING MOTION FOR SANCTIONS, IMPOSING FILING RESTRICTION, AND DISMISSING THIS ADVERSARY PROCEEDING

The matter now before me is but the latest salvo in the divorce and post-divorce litigation war between the Gordys. This has been and remains an acrimonious divorce. While "acrimonious" and "divorce" used in conjunction may, by many, be viewed as a redundancy, Mr. Gordy has taken even an "acrimonious divorce" to a new low.

This matter came on for hearing on the Motion for Sanctions by Codefendant April R. Stafford seeking monetary sanctions against pro se Plaintiff Douglas Robert Gordy under

Rule 9011 of the Federal Rules of Bankruptcy Procedure.[1] Mr. Gordy, however, moved for voluntary dismissal of this adversary proceeding during the 21-day safe harbor period provided under Rule 9011, thereby withdrawing the challenged pleading. The Motion for Sanctions is therefore dismissed as impermissibly filed.

The withdrawal, however, does not bar the imposition of sanctions under 11 U.S.C. § 105(a) and the inherent powers of the federal courts. Mr. Gordy's written submissions included improper and outrageously offensive allegations and language. I therefore impose a nonmonetary sanction requiring my pre-filing review of any papers that Mr. Gordy seeks to file in this adversary proceeding, the underlying chapter 7 case, or any other associated adversary proceeding.

### FINDINGS OF FACT

On January 13, 2012, Mr. Gordy, pro se, filed a chapter 7 bankruptcy case, followed in short order by this adversary proceeding, which alleges violations of the automatic stay, 11 U.S.C. § 362. The alleged violations relate to a prepetition order entered by the Superior Court of Bulloch County, Georgia,

---

[1] Unless otherwise noted, the word "Rule" or "Rules" refers to the Federal Rules of Bankruptcy Procedure.

2

finding Mr. Gordy in contempt for failure to pay attorney's fees incurred by his ex-wife, Ms. Gordy, in proceedings related to child custody and support. (<u>See</u> Resp. to Pl.'s Summ. J. Mot., Ex. B, ECF No. 85-1.)[2]

The initial pleading, filed in the underlying case but taken as the Complaint, was directed only against Stafford, an attorney who represented Ms. Gordy in the divorce. (ECF No. 1.) Ms. Gordy was joined in a pleading taken as the Amended Complaint. (ECF No. 14.)

Not until seven months after this adversary proceeding was opened had both Codefendants filed answers. The docket to that point included numerous and varied motions, responses, other papers, and orders—including the entry of default against Ms. Gordy (ECF No. 75) and the opening of the default (ECF No. 94).

In December 2012, a hearing was held on Ms. Gordy's affirmative defense of failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Civil Rules"). In March 2013, Ms. Gordy was dismissed from this action, with leave granted to Mr. Gordy to amend the Amended Complaint (Opinion and Order Dismissing Defendant Martha I. Gordy, ECF No. 124). Mr. Gordy then filed another amended complaint ("Second Amended Complaint") (ECF No. 126), to which

---

[2] All docket citations refer to the docket in this adversary proceeding.

3

both Stafford and Ms. Gordy responded with answers pleading failure to state a claim (ECF No. 127 at 1; ECF No. 128 at 1). Stafford's answer also included a request that "inflammatory and irrelevant content" in the Second Amended Complaint be stricken (ECF No. 128 at 2).

At the close of the hearing on the Rule 12(b)(6) defenses and the motion to strike, I held that the only allegation in the Second Amended Complaint that stated a claim for a stay violation was that Stafford, appearing on behalf of Ms. Gordy at a postbankruptcy-filing hearing in the Superior Court **on motions brought by Mr. Gordy,** had in the course of that hearing "deliberately, willfully, and intentionally chose[n] to ask the Chief Judge of the Superior Court to incarcerate Plaintiff Gordy for non-payment of the debt" of attorney's fees under the prebankruptcy-filing contempt order. (ECF No. 126 ¶ f.) Stafford's counsel said he had a transcript of that hearing and that Mr. Gordy's allegation was simply untrue. (Hr'g of July 8, 2013.) I said that if the transcript shows the allegation is untrue, I expected Stafford to serve Mr. Gordy with the transcript and give him the opportunity to withdraw the Second Amended Complaint under Rule 9011.

Four weeks after the hearing, Mr. Gordy filed an Answer to Motion for Sanctions—although at that point no motion

4

for sanctions had been filed—and a motion for voluntary dismissal as to both Stafford and Ms. Gordy.

Two more weeks passed, and Stafford filed the Motion for Sanctions, seeking approximately $14,000 in attorney's fees and costs as well as unspecified punitive damages. The Motion stated: "Whether the Debtor [Mr. Gordy] withdraws the action or not, Stafford asks that sanctions be imposed under Rule 9011(c)(1)(A) because the Debtor has violated Rule 9011(b)." (ECF No. 141 ¶ 10.)

Four days before the Motion for Sanctions was to be heard, Mr. Gordy filed a second response, in which he made hostile and flagrantly abusive ad hominem attacks on Stafford and her attorney:

> d) Was Stafford merely whistling Dixie when she even decided to bring up the [contempt] issue?
>
> e) Stafford is a zealot with substantial motive to lie about this issue.
>
> . . . .
>
> 6. . . . [T]he plaintiff respectfully suggests that the defense lawyers have a mental evaluation.
>
> 7. . . . I did sign off with jodete pendejos, and respectfully translate that the greedy bastard can kiss my ass. My attitude is directed towards the attorneys not the court.
>
> . . . .

5

> Wherefore prays Gordy that Stafford and her attorneys have mental evaluations . . . .

(ECF No. 145 ¶¶ 4(d)-(e), 6-7, final unnumbered paragraph.)

Mr. Gordy is acting pro se, is disabled and wheelchair-bound, and pleads poverty; but these facts do not afford him license to make patently false allegations or to ignore principles of basic human decency and civility, nor do they afford him access to this Court for the purpose of furthering his verbal and written assault on his ex-wife, her divorce lawyer, and now their lawyers in this matter.

## CONCLUSIONS OF LAW

### I. The Motion for Sanctions Was Impermissibly Filed.

Stafford misunderstands the application of Rule 9011. When the 21-day safe harbor period applies, a party's withdrawal of challenged material within 21 days after being served with a motion for sanctions precludes the filing of the motion:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that **this limitation shall not apply** if the conduct alleged is the filing of a petition in violation of subdivision (b).

Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added).

The word "limitation" above refers to the limitation imposed **on the movant** by the safe harbor provision, under which the movant must serve the motion and then wait 21 days to see if the challenged material is withdrawn before the motion may be filed. As explained in the Advisory Committee note to Rule 9011, the one circumstance in which a movant may file a motion for sanctions without waiting for the safe harbor period to run is when the challenged paper is a bankruptcy petition:

> The "safe harbor" provision contained in subdivision (c)(1)(A), which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

Fed. R. Bankr. P. 9011 Advisory Committee's note to 1997 amendment; see also Dressler v. The Seeley Co. (In re Silberkraus), 336 F.3d 864, 868 (9th Cir. 2003) ("The clear import of this language [in Rule 9011(c)(1)(A)] is that the mandatory 21 day safe harbor rule does not apply to the filing of the initial petition.").

Stafford seems to understand "limitation" to refer instead to a limitation on the circumstances in which withdrawal of challenged material prohibits the filing of the motion, such that a motion for sanctions could permissibly be filed even when the challenged material is withdrawn during the safe harbor period. Stafford is incorrect. Moreover, even if Stafford were correct, the challenged material here is not the kind of material to which the limitation would apply. The challenged material here is a pleading, not a bankruptcy petition, and Rule 9011 explicitly distinguishes between the two. See Fed. R. Bankr. P. 9011(b) ("By presenting to the court . . . a **petition, pleading,** written motion, or other paper . . . ." (emphasis added)).

Where, as here, the material challenged under Rule 9011 is a complaint, a voluntary dismissal is a withdrawal that renders impermissible the filing of the motion for sanctions. See Morroni v. Gunderson, 169 F.R.D. 168, 171 (M.D. Fla. 1996) (applying Civil Rule 11, which is "substantially identical" to Rule 9011, Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1572 (11th Cir. 1995)).[3] A motion for voluntary dismissal is a withdrawal as

---

[3] The Morroni court noted that before Civil Rule 11 was amended in 1993 to add the safe harbor provision, a voluntary dismissal did not preclude sanctions. 169 F.R.D. at 171 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)). The safe harbor provision was added to Rule 9011 in 1997, when the bankruptcy rule was amended to conform to the civil rule. Fed. R. Bankr. P. 9011 Advisory Committee's note to 1997 amendment, referencing advisory committee note to the 1993 amendments to Civil Rule 11.

well. Accordingly, when Mr. Gordy moved for voluntary dismissal during the safe harbor period, Stafford lost her basis for sanctions under Rule 9011. The Motion for Sanctions was thus impermissibly filed and therefore is dismissed.

### II. Sanctions Are Warranted Under 11 U.S.C. 105(a) and the Inherent Powers of the Federal Courts.

Although sanctions are not available under Rule 9011, sanctions are both available and warranted under 11 U.S.C. § 105(a) and the inherent powers of the federal courts. Mr. Gordy's patently offensive vilification of Stafford and her counsel is an affront to the dignity of this Court and will not be tolerated.

"There can be little doubt that bankruptcy courts have the inherent power [under 11 U.S.C. § 105(a)] to sanction vexatious conduct presented before the court." Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996). In addition to their authority under § 105(a), bankruptcy courts have the power to impose sanctions against attorneys and parties under the authority inherent in all federal courts. Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.), 570 F.3d 1257, 1263 (11th Cir. 2009).

Imposition of sanctions under the inherent powers of the courts requires a finding of conduct that "constituted or was

tantamount to bad faith." Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982). The filing of documents "saturated with invective directed at opposing counsel" provides the requisite showing of bad faith. Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1321 (11th Cir. 2002). A party's pro se status does not excuse ad hominem attacks. Bethel v. Town of Loxley, No. 06-0573, 2006 WL 3449140, at *2 (S.D. Ala. 2006).

Here, the personal attacks directed at Stafford and her counsel in the second response to the Motion for Sanctions violate every standard of propriety and respect, amply demonstrating bad faith warranting the imposition of sanctions. Moreover, these attacks are not the first; they are an escalation of some of the "inflammatory and irrelevant content" (ECF No. 128 at 2) that Stafford sought to have stricken from the Second Amended Complaint:[4]

> At said hearing [in Superior Court], there was a heated debate about equal rights for men, the right to legal counsel, and the personal dysfunctions of Attorney Stafford. The debate left Defendant Stafford embarrassed, with head down, with a very depressed countenance. Stafford accordingly has desired revenge on Plaintiff Gordy since that time.

(ECF No. 126 ¶ 2(d).)

---

[4] The motion to strike is still pending, but is rendered moot by the dismissal of this adversary proceeding.

"The inherent power to impose sanctions allows courts to vindicate their judicial authority, but such power must be used to fashion 'an appropriate sanction.'" Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 44-45 (1991).) Here, an appropriate sanction is one that will ensure the propriety of Mr. Gordy's future filings.

Accordingly, I impose the following sanction under § 105(a) of the Bankruptcy Code and the inherent powers of the federal courts: Mr. Gordy is barred from filing any pleadings, motions, or other papers in this adversary proceeding, the underlying chapter 7 case, or any other associated adversary proceeding. Mr. Gordy is instead directed to submit any such papers to the Clerk of Court, who will then present them to me for pre-filing review. Documents that accord proper respect to this Court, the other parties, and their counsel will be publicly filed. Documents that are disrespectful or otherwise inappropriate will be filed under seal and then ordered stricken; and I will refer the matter to the District Court on recommendation for withdrawal of the reference and a citation of contempt ordering Mr. Gordy incarcerated.

**ORDER**

**IT IS THEREFORE ORDERED** that the Motion for Sanctions is **DISMISSED**; and

**FURTHER ORDERED** that a sanction requiring pre-filing authorization is imposed on any proposed filing by Mr. Gordy in this adversary proceeding, the underlying chapter 7 case, and any other associated adversary proceeding; and

**FURTHER ORDERED** that Mr. Gordy's voluntary dismissal of this adversary proceeding is **GRANTED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of October, 2013.